**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith P. Nance, | No. CV 12-0734-PHX-RCB (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Allen Miser, et al., | |
| Defendants. | |

Plaintiff Keith P. Nance, who is confined in the Arizona State Prison Complex, South Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Miser and Patton to answer Plaintiff's religious exercise and equal protection claims based on the denial of a Halal diet and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.88. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

/   /   /

### III. Complaint

Plaintiff alleges three counts for violation of his religious exercise, due process, and equal protection rights. Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC): Rynning Unit Chaplain Allen Miser; Eyman Complex Senior Chaplain A. Vicklund; Pastoral Administrator Mike Linderman; and Deputy Director of Offender Operations Robert Patton. Plaintiff seeks injunctive, compensatory, and punitive relief.

Each of Plaintiff's claims are predicated on the same facts as follows: Plaintiff is an adherent of Islam. During a previous incarceration in ADC, Plaintiff was approved for a Halal diet and a shaving waiver based on his religion.

In September 2010, Plaintiff returned to prison.[1] On October 31, 2010, Chaplain Miser interviewed Plaintiff regarding Plaintiff's request for a Halal diet and shaving waiver. Plaintiff explained to Miser that a kosher diet might acceptable until ADC modified its policy to provide for a Halal diet to Muslim inmates. Plaintiff subsequently contacted Muslim scholars, who informed him that a kosher diet did not satisfy the requirements of Islamic law. Plaintiff again met with Miser during which Miser asked him, "[h]ow as a Muslim could you be convicted of child molestation?" (Doc. 1 at 3.) Plaintiff, who denies such a conviction, asked Miser where he had obtained that information. Miser told him by looking at his computer. Plaintiff "complained," apparently to Miser, and Miser then stated that he had misunderstood what he had read, apparently referring to computerized records. (Id.) Plaintiff asked Miser why he had inquired about Plaintiff's conviction, which Plaintiff viewed as discriminatory and slanderous, and asked Miser whether he asked similar questions of Christian inmates. Plaintiff continued with the interview and espoused his sincere belief in Islam. Plaintiff also attempted to explain the difference between a Halal diet and a kosher diet to Miser. Plaintiff asked Miser to review his records from his previous

---

[1] See http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?InmateNumber =168108&LastName=NANCE&FNMI=K&SearchType=SearchInet (last visited May 23, 2012).

incarceration, which would substantiate that he had previously received a Halal diet and a shaving waiver. Miser wrote "statements down on paper," which Plaintiff signed at the end of the interview; Plaintiff does not indicate what the statements said. (Id. at 3A.) Miser told Plaintiff that he would forward his findings to his supervisor, Defendant Vicklund, for final approval.

After 30 days passed without receiving a response to his religious requests, Plaintiff filed a grievance. On December 2, 2010, Plaintiff received a response from Miser, which stated, "Based upon an interview this office cannot currently identify a sincere religious reason for your request that is consistent with your religious preference. If you can provide further information to establish a sincere religious reason for your request it will be reviewed again." (Id.)

On December 10, 2010, Plaintiff filed a formal grievance. On February 24, 2011, he received a response from Assistant Deputy Warden Faye stating that Miser had denied his request because Miser was unable to identify a sincere religious reason for the request. Faye indicated that Miser concluded that Plaintiff's religious beliefs were not sincere because Plaintiff had re-offended after being released, which Miser viewed as evidence that Plaintiff had not consistently practiced his faith. (Id.) Plaintiff submitted Inmate Letters and "Grievance Policy," to Vicklund, but received no response concerning Miser's comments.[2] (Id. at 3D.) Plaintiff appealed to Linderman "regarding Allen Miser's comments" and denial of a Halal diet and a shaving waiver. (Id. at 3D.) On May 25, 2011, Linderman and Ryan responded to the grievance appeal and authorized Plaintiff to receive a "religious diet" and a shaving waiver. (Id.) On June 16, 2011, Plaintiff signed for a shaving waiver but "refused the kosher diet." (Id. at 4F, 5C.) Plaintiff denies that he agreed to receive a kosher diet in lieu of a Halal diet. (Id. at 4B.)

Plaintiff sent an Inmate Letter to Director Ryan "explaining neglect or default for not

---

[2] Plaintiff does not allege that Vicklund responded to his grievance or, if so, how. Plaintiff asserts that Vicklund either condoned or took part in denying Plaintiff's request, but Plaintiff fails to allege facts to support that allegation.

providing specification of Halal diet incorporated" in his "upheld grievance." (Id. at 3E.) Patton responded on behalf of Ryan on July 7, 2011, stating that,

> You indicate your grievance A12-0119-010 is unresolved, pursuant to D.O. 802.1.8. The decision of the Director is final and constitutes exhaustion of remedies within the Department. You have been approved for a "Religious Diet["], as indicated in your Inmate Letter when Chaplain Miser met with you on 6/6/11 and gave you the opportunity to receive a kosher diet. You did sign for the kosher diet. This should not be a burden on your religious exercise to serve you the diet you requested.

(Id.)

On July 13, 2011, Plaintiff sent an Inmate Letter to Patton stating that he had never signed for a kosher diet due to "a religious verdict from Muslim scholars forbidding" him from eating a kosher diet. (Id. at 3F, 4F.) Plaintiff provided copies of the information from the Muslim scholars to Patton for review. On August 5, 2011, Patton responded that, "[y]ou requested a religious diet without further specificity. If you do not wish to be on the kosher diet, you may request a vegetarian diet, which is a religious diet that does not violate Halal standards." (Id. at 4F, 5C.)

**IV.     Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.     Vicklund and Linderman**

Plaintiff sues Senior Chaplain Vicklund and Pastoral Administrator Linderman. Although they may be sued, Plaintiff fails to state a claim against either.

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff

must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Moreover, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009). Further, a defendant's negligence is not sufficient to state a claim against him under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986).

In his Complaint, Plaintiff alleges the following as to Vicklund: Miser told Plaintiff that he (Miser) would forward his findings to Vicklund for final approval. After Plaintiff did not receive a response within 30 days, Plaintiff filed a grievance. Plaintiff asserts that Vicklund failed to protect his religious exercise rights and failed to train or supervise Miser. Plaintiff also alleges the Vicklund neglected responsibilities. However, Plaintiff does not allege facts to support that Vicklund ever approved or saw Miser's findings, nor does Plaintiff allege facts to support when and how he informed Vicklund of Miser's acts. Instead, Plaintiff's assertions against Vicklund are vague and conclusory. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.

Id. Absent additional facts, Plaintiff fails to state a claim against Vicklund and he will be dismissed.

Plaintiff alleges that Linderman failed to address Miser's comments to Plaintiff in responding to Plaintiff's grievance appeal, although Linderman did authorize Plaintiff to receive a religious diet. The mere failure to address Miser's comments in response to Plaintiff's grievance does not rise to the level of a constitutional violation.[3] The balance of Plaintiff's allegations against Linderman, i.e., failure to train or supervise, are vague and conclusory. As noted above, conclusory and vague allegations will not support a cause of action. Ivey, 673 F.2d at 268. Because Plaintiff fails to allege facts to support that Linderman directly violated Plaintiff's rights or promulgated or endorsed a practice or policy that resulted in a violation of Plaintiff's rights, Linderman will be dismissed.

### B. Violations of Prison Regulations or Policies

In each count, Plaintiff alleges that Defendants failed to comply with prison policies or regulations. However, the violation of, or non-compliance with, prison policies, practices, procedures, or regulations, absent more, does not rise to the level of a constitutional violation. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, to the extent that Plaintiff's claims are predicated merely on non-compliance with prison policies or procedures, he fails to state a claim under § 1983.

### C. Due Process

Plaintiff asserts a violation of his due process rights based on the same conduct that he alleges violated his religious exercise and equal protection rights. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process [under the Fourteenth Amendment]." Crown Point Dev., Inc. v. City of Sun Valley, 506 F.3d 851, 853 (9th Cir.

---

[3] Verbal harassment or abuse alone does not rise to a constitutional level. Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)).

2007) (citing Graham v. Connor, 490 U.S. 386, 388 (1989)); see Albright v. Oliver, 510 U.S. 266, 273 (1994).

In this case, Plaintiff's due process claim is subsumed by the First Amendment Free Exercise Clause and the Fourteenth Amendment Equal Protection Clause. Accordingly, to the extent that Plaintiff asserts a violation of his due process rights, he fails to state a claim and his due process claim will be dismissed.

## V.     Claims for Which an Answer Will be Required

Plaintiff alleges that Miser and Patton denied him a Halal diet in violation of Plaintiff's religious exercise rights. Plaintiff also alleges that the denial of a Halal diet has substantially burdened the exercise of his religion without a compelling governmental reason. Plaintiff contends that provision of a kosher or vegetarian diet do not satisfy the requirements for a Halal diet. Plaintiff also alleges that he, as a Muslim adherent, has been discriminated against based on his religion in that he is not provided a Halal diet while adherents of other faiths are provided religious diets consistent with their religions. Plaintiff sufficiently states a claim for denial of a Halal diet in violation of his religious exercise and equal protection rights against Miser and Patton. Defendants Miser and Patton will be required to respond to those allegations.

## VI.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.88.

(3)     Plaintiff's claims for violation of due process and Defendants Vicklund and Linderman are **dismissed** without prejudice.

(4)     Defendants Miser and Patton must answer Plaintiff's claims for violation of his religious exercise and equal protection rights based on the denial of a Halal diet.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Miser and Patton.

(6)     Plaintiff must complete[4] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[4] If a Defendant is an officer or employee of ADC, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate

1  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
2  Rules of Civil Procedure.
3    (12) Any answer or response must state the specific Defendant by name on whose
4  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
5  does not identify the specific Defendant by name on whose behalf it is filed.
6    (13) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
7  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
8  under 28 U.S.C. § 636(b)(1).
9    DATED this 30th day of May, 2012.

_____
Robert C. Broomfield
Senior United States District Judge