Keith P Nance 168108
Name and Prisoner/Booking Number

South Unit A.D.O.C.
Place of Confinement

P.O. Box 8400
Mailing Address

Florence, AZ 85312
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ____ LODGED
✓ RECEIVED ____ COPY
19 (d)
JUN 1 9 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Keith P Nance                          )
(Full Name of Plaintiff)     Plaintiff,  )
                                       )
                   vs.                 )   CASE NO. CV12-00734-PHX-RCB-(DKD)
                                       )        (To be supplied by the Clerk)
(1) Allen Miser                        )
(Full Name of Defendant)               )
(2) A. Vicklund                        )
                                       )   **CIVIL RIGHTS COMPLAINT**
(3) Mike Linderman                     )   **BY A PRISONER**
                                       )
(4) Robert Patton                      )   ☐ Original Complaint
              Defendant(s).            )   ☒ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
      ☐ Other: _____

2.    Institution/city where violation occurred: Rynning Unit. A.D.O.C. Florence, AZ.

Revised 3/9/07                          1

**550/555**

## B. DEFENDANTS

1.  Name of first Defendant: _ALLEN MISER_. The first Defendant is employed as:
    _Chaplain_ at _A.D.O.C._ .
    <span style="font-size:smaller">(Position and Title)</span>        <span style="font-size:smaller">(Institution)</span>

2.  Name of second Defendant: _A. VICKLUND_. The second Defendant is employed as:
    _Senior Chaplain Eyman Complex_ at _ADOC_ .
    <span style="font-size:smaller">(Position and Title)</span>        <span style="font-size:smaller">(Institution)</span>

3.  Name of third Defendant: _MIKE LINDERMAN_. The third Defendant is employed as:
    _Pastorial Administrator_ at _ADOC_ .
    <span style="font-size:smaller">(Position and Title)</span>        <span style="font-size:smaller">(Institution)</span>

4.  Name of fourth Defendant: _Robert Patton_. The fourth Defendant is employed as:
    _Deputy Director Offender Operation_ at _ADOC_ .
    <span style="font-size:smaller">(Position and Title)</span>        <span style="font-size:smaller">(Institution)</span>

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☒ No

2.  If yes, how many lawsuits have you filed? _Ø_ . Describe the previous lawsuits:

    a. First prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
        _____

    b. Second prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
        _____

    c. Third prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
        _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Religious Land Use AND Institutionalized Persons Act.

2. **Count I.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: EXCESSIVE GOVERMENT INTERVENTION

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

First Defendant: Allen Miser is sued Individually and in his official capacity. At all Times mentioned in This Complaint acted under color of State Law, On October 31, 2010 I was Interviewed by Allen Miser. I Requested a Halal Diet and Shaving Waiver. I explained the possibility of accepting a Kosher Diet until Such Time as A.D.O.C. modified policy To Provide Muslims a Halal Diet. I Contacted Muslim Muftis (Scholars) Inquiring if I would be in Compliance with Islamic Law by accepting a Kosher Diet. Not until after my Interview Did I recieve Information which expressed Kosher Diets as unacceptable. Allen Miser First Questioned: "How as a Muslim can you be convicted of Child Molestation?" I inquired where he obtained such Information? I complained of Discriminatory Comment and informed him I would formally inquire about his question. I questioned what did my conviction have to do with my Requesting a Halal Diet and Shaving Waiver? I felt Slandered, I'm not convicted of Child Molestation! I began an Inmate (8/8/10) Grievance Due to Conduct unbecoming of an official, I charge Violation of free exercise under RLUIPA, Equal Protection of Law, and Due Process, continued page 3A

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

Allen Miser created a substantial Burden upon my exercise of Islam. He placed Constraints on my Sincerely held Religious Belief causing Depression, Spiritual Deprivation, cause me to Defile myself by eating unlawful food. I'm experiencing Irreparable Harm

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

During my Interview of establishing my Religious Beliefs, I clarified as best I could differences between Kosher and Halal Diets. I requested Allen Miser to check my record, which would show prior possession of Religious Diet Cards and shaving waivers. I served time between 2002-2008. Allen Miser recorded on paper my statements, I signed the form at the end of our Interview. Allen Miser stated he would forward his findings to his supervisor A. Vicklund for final approval. After thirty calander days I started a grievance for my Halal Diet and Shaving waiver. December 12, 2010, COIII Shalley returned a responce dated 12/1/10 from Allen Miser, which read: "Based upon an Interview this office can not currently identify a sincere Religious reason for your request that is consistent with your Religious preference. If you can provide further information to establish a sincere Religious reason for your request it will be reviewed again." December 10, 2010 I submitted a formal grievance. On 2/24/11 I recieved a responce from Assistant Deputy Warden Faye, it reads: "Chaplain Miser advised he interviewed you and based upon that interview your request was denied. This due to "them" not being able to identify a sincere Religious reason for your request consistent with your Religious preference." Chaplain Miser advised: "He did not know exactly what the sincerity problem was but that he believed because you were released and came back on a new charge," He states: "This shows that you were not consistent in practicing your faith." His official decision violates my Constitutional Right to exercise my Religion and violates Equal protection under Law. I experience deprivations, constrained conduct of Religious expression that manifest a central tenat in Islam, and compels conduct and expression contrary to my beliefs. I'm forced to defile myself with unlawful foods or starve,

The Halal Diet is of Central Importance to me as a Muslim and is a requirement. Allen Miser Failure to approve my requested Diet is not rationally related to any compelling State Interest or penological Concern and creates a Substantial Burden upon my Religion. A.D.O.C has an established Religious Dietary Program. Jewish Inmates have Kosher Diets. Vegan Diets are provided for other Adherants according to their Religious beliefs. Officials have Interest in providing a Simplified Food service. This Alone is not sufficient for Denial of my requested Halal Diet. Allen Miser arbitrarily Denied my Diet. Allen miser Decision was punitive and he was acting in an Individual Capacity rendering a Subjective Decision outside of his Official Capacity. His Comment was Discrimanatory, Offensive, and Slanderous. His actions were reckless! He showed callous Indifference towards me as a Muslim! He is in violation of Department Order 904 Religious Activities, 904.03 (1.1.) Demonstrate Respect of Inmates Beliefs. Department Order 501 Employees Professionalism, Ethics, and Conduct, Procedures 501.01 General Responsibilities (1.1) All Employees shall: Except Responsibility and Delegated Authority to Efficiently and effectively perform Their Assigned Duties in a Courteous, Considerate, and prompt manner. This Policy has also been Violated. Plaintiff Exhausted his Grievance and on 5/25/11 Director Charles Ryan and Mike Linderman upheld the Grievance Authorizing a "Religious Diet and Shaving Waiver." Plaintiff has not Recieved one Responce Reguarding Comment by Allen Miser, Plaintiff also Exhausted the Grievance procedure with This Reguard. Plaintiff Remains without Requested Halal Diet

3B

SECOND DEFENDANT: A. VICKLUND, SENIOR Chaplain Eyman Complex, is SUED Individually and in his Official Capacity. AT all Times mentioned in This Complaint ACTED under Color of STATE LAW. A. Vicklund is Allen Misen's supervisor. ADOC Department ORDER 904 Religious Activities Subtitle 904.01 Pastorial Services (1.3) AT Department-ment operated Institutions, The Senior Chaplain shall: (1.3.2) Supervise other chaplains within an Institution. (1.3.6) CREATE and Manage All Religious Programs. Section 904.03 Religious Activities (1.1) Wardens, Deputy Wardens, and other Administrators shall ensure STAFF: (1.1.1.) Demonstrate Respect of Inmates Religious Beliefs. Section 904.04 Religious Accomodations (1.1.2) Senior Chaplains/Chaplains May contact The Pastorial Administrator for Clarification of special Religious Diets. (1.1.6) Senior Chaplains shall: (1.1.6.3) Approve or Deny Requests. November 5, 2010 Plaintiff Forwarded an Inmate Letter TO Senior Chaplain Vicklund Reguarding Allen Misen Discrimanatory Comment on 10/31/10. December 8th, 2010 Plaintiff STARTED A Grievance Due TO NO Responce. December 14th, 2010 Plaintiff proceeded with Formal Grievance. January 13th, 2011 Plaintiff proceeded with Grievance Appeal. February 4, 2011 Plaintiff Submitted his Final Grievance Appeal TO The Office of The Director of Corrections. AT NO Time has Plaintiff Recieved A Responce TO his Grievance Reguarding Discriminatory Comment of Allen Misen. January 11, 2011 Plaintiff sent an Inmate Letter TO A. Vicklund Inquiring How A.D.O.C. Establishes Islamic Religious Policy? Whom Does A.D.O.C. Consult? February 17, 2011 Plaintiff sent an Inmate Letter TO A. Vicklund Reguaring his Denial of a Halal Diet and Shaving Waiver. February 23, 2011 Plaintiff Recieved a Responce from A. Vicklund stating: "The Content of your letter Concerns a Grievance. Grievances

3.C

ARE TO be processed Through your Grievance Coordinator. Arizona Department Order 501 Employee Professionalism, Ethics, And Conduct, under Procedures: 501.01 General Responsibilities (1.1) All Employees shall: Except Responsibility And Delegated authority TO efficiently And effectively perform Their assigned duties. (1.2) Approving Authorities shall: (1.2.2) Ensure Their subordinates ARE held accountable For Compliance with This Department Order AND Allegations of employee misconduct AT ANY level ARE Thoroughly INVESTIGATED AND RESOLVED. A. Vicklund Through acts of omission or Commission knew or should have known That his Subordinate was acting in contravention OF ADOC's Established procedure and policy. HE HAD AN ON going Duty TO CORRECT or otherwise Implement CORRECTIVE ACTION TO Constitutional Violations which The Plaintiff was subjected TO As a muslim. A. Vicklund Assumed Responsibility Delegated by A.D.O.C. TO protect and provide Plaintiff with Religious Practices. Deficient Training and Supervision Resulted in Constitutional Violations. These actions contributed TO Substantial Burden upon Plaintiff, exercise of his Faith. Allen Misen's STATEMENT TO ASSISTANT Deputy Warden Faye: "Chaplain Misen Advised That he Interviewed you and based upon That Interview your Request was Denied. HE STATED This was Due TO "Them" not being Able TO Identify A sincere Religious Reason For your Request..." DATED February 14, 2011, INDICATES Allen Misen DID NOT MAKE The FINAL DECISION Alone. A. Vicklund conduct DOES Violate Established Departmental Orders, STATUTORY AND Constitution Rights. A. Vicklund ACTED outside DISCRETIONARY Authority. THE STATE of The LAW AT The Time of The Violation gave A. Vicklund FAIR WARNING That his Treatment TO The Plaintiff was Unconstitutional. A. Vicklund Personally participated in The Violations AND HAD a Casual connection As Supervisor AND Constitutional Violations.

30

Third Defendant: Mike Linderman is Sued Individually and in his Official Capacity. At all Times mentioned in this Complaint acted under color of State Law. ADOC Department Order 904 Religious Activities, 904.01 Pastoral Services (1.1) The Pastoral Administrator shall: (1.1.1) Directly Supervise Senior Chaplains at all Institutions. (1.1.3) Provide Verbal/written Directives for the Resolution of Issues Related to Religious Diets. (1.2.2.1) Chaplains in consultation with wardens and Pastoral Administrator shall make Final Decisions. Inmates may appeal decisions by filing a grievance in accordance with Department Order 802, Inmate Grievance, Religious Activities 904.03 (1.1) Wardens, Deputy Wardens and other Administrators shall ensure Staff (1.1.1) Demonstrate Respect of Inmates Religious Beliefs. 904.04 Religious Accommodations (1.1.1.1) Pastoral Administrator is consulted on validity of Religious Claims. (1.1.2) Pastoral Administrator clarifies Appropriate Special Religious Diets. February 11, 2011 Plaintiff Forwarded one Inmate Letter to Mike Linderman Regaurding Islamic Representation, Consultation, and Denial of Religious Diet. March 25, 2011 Plaintiff Recieved a Responce from M. Linderman Advising Plaintiff: "There is a process by which you can have your concern Addressed. Please follow the Process." June 21, 2011 Plaintiff again forwarded one Inmate Letter to Mike Linderman in Responce to Grievance # A12119010 for a Halal Diet and Shaving Waiver which was upheld by Director Ryan and M. Linderman. Plaintiff Informed M. Linderman a Halal Diet was Imperative as a Muslim and that he would not compromise his sincerely held Belief. August 25, 2011 Plaintiff Recieved a Responce from M. Linderman stating Plaintiffs Request was not Specified. M. Linderman acted in Bad Faith. He will fully Disregaurded Implimentation of my Requested Halal Diet.

3E

Fourth Defendant Robert Patton is sued Individually and in his Official Capacity at all times mentioned in this complaint acted in his Official Capacity under color of state law. Mr. Patton under order of Director Ryan responded to a Inmate Letter I drafted to Mr. Ryan explaining neglect and disregard for not providing me a Halal diet which was "upheld" dated 5/25/11. Mr. Patton responded on 7/7/11 stating: "You indicate your grievance is unresolved. Pursuant to D.O. 802.1.8. The decision of the Director is final and constitutes exhaustion of all remedies within the Department. You have been approved for a Religious Diet, as indicated in your Inmate Letter when Chaplain Whisen met with you on 6/16/11 and gave you the opportunity to recieve a Kosher Diet. You did sign for the Kosher Diet. This should not burden your Religious exercise to serve you the diet you requested." on 7/13/11 one Inmate Letter was sent to Mr. Patton explaining I never signed for a Kosher Diet due to a Religious verdict from Muslim scholars prohibition of the Kosher Diet. I included copies of the fatwas (rulings) to Mr. Patton for review. 8/5/11 I recieved Mr. Patton's response stating: "You requested a Religious Diet without further specificity. If you don't wish the Kosher Diet, you may request a Vegetarian Diet." I charge violation of Due Process and Equal Protection of law. Once a Grievance Process is established and an Individual has not been afforded the process that is constitutionally due a court then can assume that the Individual has felt distress stemming from the perception of unfair treatment. I'm being (treated) differently from similarly situated Inmates who recieve their Religious Diets. Mr. Patton fails to establish any Compelling government interest or the least alternative means of achievement, there is no explaination for constraint of my Religious exercise. Mr. Patton is in violation of the Objective Reckless standard, and created a substantial burden of constrained conduct of Religious Expression which manifest a contrai tenet of Islam, the Halal diet. I'm forced to defile myself with unlawful foods and experience spiritual deprivation

3F

## COUNT II

1. State the constitutional or other federal civil right that was violated: _Fourteen Amendment Violation of Equal protection of Law and Due process_

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   First Defendant: Allen Misen is sued individually and in his official capacity. At all times mentioned in this complaint acted under color of state law, October 31, 2010 I was summoned to an interview by Allen Misen. I requested a Halal diet and shaving waiver, I explained the possibility of accepting a kosher diet until such time ADADOC modified policy to provide Muslims a Halal diet. I contacted Muslim mufti's (scholars) inquiring if I would be in compliance with Islamic Law by accepting a kosher diet? Not until after my interview did I recieve information which expressed kosher diets as unacceptable. Allen Misen first questioned "How as a Muslim can you be convicted of child molestation"? I inquired where he obtained such information? I complained of the discriminatory comment and informed him I would formally inquire about his question. I questioned what did my conviction have to do with my requesting a Halal diet and shaving waiver? I felt slandered. I'm not convicted of child molestation! I started on 12/8/10 an inmate grievance regarding his comment. I exhausted the grievance process. I charge a violation of RLUIPA, Free Exercise of Religion, Equal Protection of Law and Due Process during the interview. To establish my Religious Beliefs for a Halal diet, I clarified as best I could differences between kosher and Halal diets. I requested Allen Misen reference my record, which shows prior possession of Religious Diet Cards and Shaving waivers, I served time from 2002-2008. Allen Misen recorded on paper my statements.
   continued page 4A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Officials created a substantial burden on my exercising my Religion of Islam. Officials placed constraints on my beliefs, prohibiting my Religious Diet causing me to defile myself with unlawful foods. I experienced Depression and spiritual Deprivation.                     COI

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?                ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?       ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

I signed the document. Allen Misen stated he would forward his findings to his Supervisor A. Vicklund for final approval. After Thirty days I started a second grievance for my Halal Diet and shaving waiver. December 2, 2010 coth Shalley returned a response dated 10/1/10 from Allen Misen which read: "Based upon an interview this office cannot currently identify a sincere Religious Reason for your request that is consistent with your Religious Preference. If you can provide further information to establish a sincere Religious Reason for your request it will be reviewed again." December 10, 2010 I submitted a formal grievance. On 3/24/11 I recieved a response from Assistant Deputy Warden Faye, it reads: "Chaplain Misen advised he interviewed you and based upon that interview your request was Denied. This due to "them" "not being able to identify a sincere Religious Reason for your Request consistent with your Religious Preference." Chaplain Misen advised: "He did not know exactly what the sincerity issue was but that he believed because you were released and came back on a new charge", he states: "This shows that you weren't consistent in practicing your faith". His official decision violates my constitutional Rights! I experience spiritural deprivation, constrained conduct of belief and expression. I'm forced to defile myself with eating unlawful foods. I have Depression. The Halal Diet is of central importance to me as a Muslim and is required. A. Misen's failure to approve my diet is not rationally related to any penological or compelling concern. It creates a substantial burden upon me to exercise my Religion. ADOC has an established Religious Dietary Program for adherents of other faiths. Officials have an interest in providing a simplified food service. This alone is not sufficient for denial of my Halal Diet! A. Misen Arbitrarily Denied my Diet. His decision was punitive! He was acting in an individual capacity rendering a subjective decision outside of his official capacity! His comment was discriminatory, offensive, and slanderous. He

40A

Acted Reckless showing callous Indifference! He violated ADOC Department order 904 Religious Activities, 904.03 (1.1.1.) Demonstrate Respect of Inmates Beliefs. Department Order 501 Employees Professionalism, Ethics, and Conduct. Procedure 501.01 General Responsibilities (1.1) All Employees shall: Except Responsibility and Delegated authority, To efficiently and Effectively perform their Assigned Duties in a courteous, considerate, and prompt manner. Plaintiff exhausted his Grievance on 5/25/11. Director Charles Ryan and Mike Linderman upheld the Grievance Authorizing a "Religious Diet" and shaving Waiver. Plaintiff has not Recieved his Halal Diet Nor has his complaint Regaurding A. Misen's Comment been Redressed. This in Violation of Department Order 802 Inmate Grievance.

    Second Defendant: A. Vicklund is Sued Individually and in his Official Capacity. At All Times mentioned in this complaint Acted under Color of State Law. A. Vicklund is Allen Misen's direct Supervisor. ADOC. Department order 904 Religious Activities subtitle 904.01 Pastorial Services (1.3) At Department Operated Institutions The senior chaplain shall: (1.3.2) Supervise other chaplains within an Institution, (1.3.6) Create and manage all Religious programs. 904.03 Religious Activities (1.1) Wardens, Deputy Wardens, and other Administrators shall ensure Staff (1.1.1) Demonstrate Respect of Inmates Religious Beliefs. 904.04 Religious Accomodations (1.1.2) Senior Chaplains/Chaplains may contact The Pastorial Administrator for Clarification of Special Religious Diets. (1.1.6) Senior Chaplains Shall: (1.1.6.3) Approve or Deny Requests. November 5, 2010 Plaintiff Forwarded one Inmate Letter To A. Vicklund, Regaurding Allen Misen's Discriminatory Comment on 10/31/10. December 8th, 2010 Plaintiff started a Grievance Due to No Response. December 24th 2010 Plaintiff Proceeded To Formal Grievance. January 12th, 2011 Plaintiff Proceeded To Grievance Appeal. February 4th 2011 Plaintiff

4B

Submitted Final Grievance Appeal To Director of Corrections. Plaintiff Recieved No Response To Grievance in Violation of Department Order 802 Inmate Grievances. January 11, 2011 Plaintiff sent an Inmate Letter To A. Vickland Inquiring How Does A.D.O.C. Establish Islamic Religious Policy? Whom Does A.D.O.C Consult? February 17, 2011 Plaintiff sent an Inmate Letter To A. Vickland Regarding his Denial Of a Halal Diet and Shaving Waiver. February 23, 2011 Plaintiff Recieved A Response from A. Vickland stating: "The content of your Letter Concerns a Grievance, Grievances are To be processed Through your Grievance Coordinator." Department Order 501 Employee Professionalism, Ethics, and Conduct subsection: Procedures 501.01 General Responcibilities (1.1) All Employees shall: except Responcibitity and Delegated Authority To efficiently and effectively perform Their Assigned Duties. (1.2) Approving Authorities shall: (1.2.2) ensure Their Subordinates are held Accountable for Compliance with This Department Order and Allegations of Employee misconduct at any level are Throughly Investigated and Resolved. A. Vickland Through Acts of Omission or Commission knew or should Have Known That his Subordinate was acting in controvertion of ADOC's established Policy and Procedures, He had an ongoing Duty To correct or otherwise Implement corrective Action to constitutional Violations which The Plaintiff was subjected to as a Muslim. A. Vickland Assumed Responcibility Delegated by A.D.O.C. to protect and provide Plaintiff with Religious Practice and Diet, Deficient Training and Supervision Resulted in Violations of Law, Policy, and Procedures. These actions Caused a Substantial Burden upon Plaintiff causing Depression and The Defilement of his Soul, eating unlawful foods. Allen Misen's statement To Assistant Deputy Warden Foye States:

4C

"Chaplain Misen advised that he Interviewed you and based upon that Interview your Request was Denied." He stated: "This was Due to "Them" Not being Able to Identify a Sincere Religious Reason for your Request... This Dated February 14, 2011 Clearly Indicates Allen Misen Did Not make The Final Decision Alone! A. Vicklund actions Violated established Policy and Procedure. His action were outside Discretionary Authority. The State of the Law at the Time of Violations gave A. Vicklund Fair Warning That his Treatment of Plaintiff was unconstitutional. A. Vicklund participated in Decisions and had a Casual connection as a Supervisor.

Third Defendant: Mike Linderman is Sued Individually and in his Official Capacity. At all Times mentioned in This Complaint acted under The Color of State Law. Department Order 904. Religious Activities 904.01 Pastorial Services (1.1) The Pastorial Administrator Shall: (1.1.1) Directly Supervise Senior Chaplains at all Institutions (1.1.3) Provide verbal/written Directives for The Resolation of Issues Related to Religious Diets (1.2.2.1) Chaplains in Consultation with Wardens and Pastorial Administrator shall make Final Decisions Inmates may appeal Decisions by Filing a Grievance in accordance with Department Order 802. Religious Activities 904.03 (1.1) Wardens Deputy Wardens and Other Administrators shall ensure staff (1.1.1) Demonstrates Respect of Inmates Beliefs. 904.04 Religious Accommodations (1.1.1.1) Pastorial Administrator is Consulted on Validity of Religious Claims. (1.1.2) Pastorial Administrator Clarifies Appropriate Special Diets (Religious) February 11, 2011 Plaintiff Forwarded one Inmate Letter to M. Linderman Resgarding Islamic Representation, Consultation, and Denial of Halal Diet. March 25, 2011 Plaintiff Recieved a Respoce from M. Linderman Advising

4 D

Plaintiff: "There is a process by which You can have your concern addressed. Please follow the Process." June 21, 2011 Plaintiff forwarded one Inmate Letter to Mike Linderman in response to grievance A12119010 for a Halal Diet and Shaving Waiver which was upheld by Director Ryan and M. Linderman. Plaintiff informed M. Linderman a Halal Diet was Imperative as a Muslim and That He would not compromise his sincerely held Religious Beliefs. August 25, 2011 Plaintiff recieved a response from M. Linderman stating Plaintiff's Request was not specified. M. Linderman acted in Bad Faith. He willfully disregarded Implimentation of Plaintiff's Halal Diet after grievance was upheld!

Fourth Defendant: Robert Patton is sued Individually and in his Official Capacity. At all times mentioned in This Complaint acted in his Official Capacity under Color of State Law. Mr Patton under order of Director Ryan responded to one Inmate Letter I drafted to Mr Ryan explaining disregard in Providing my Halal Diet. up before on 5/25/11. Mr Patton responded on 7/2/11 stating: "You Indicated your grievance is unresolved. Pursuant to Department Order 802(1.8) The Decision of The Director is final and constitutes exhaustion of all Remedies within The Department. You have been approved for a Religious Diet as Indicated in your Inmate Letter when Chaplain Aisor met with you on 6/16/11 and gave you The opportunity to recieve a Kosher Diet. You did sign for The Kosher Diet. This should not burden your Religious exercise to serve you The Diet you requested." On 7/13/11 I sent one Inmate Letter to Mr Patton explaining I never signed for a Kosher Diet Due to a Religious Verdict From Muslim Scholars Prohibition of The Kosher Diet. I Included Copies of The Fatawas (Rulings) to Mr Patton for Review. 8/5/11 I recieved a response From Mr Patton stating: "You requested a Religious Diet without

4E

Further specificity. If you Don't wish The Kosher Diet, you may Request a Vegetarian Diet." Mr Patton has Violated RLUIPA, Equal Protection of Law, Procedural Due Process, Department Order 904 Religious Activities, AND Department Order 501 Employees Professionalism, and Conduct. Once A Grievance Process is Established And An Individual has not been Afforded The Process That is Constitutionally Due, A court Then can Assume That the Individual has felt Distress stemming from The perception of unfair Treatment. Allen Miser's statement Dated 12/1/10 states: "If you can Provide further Information To establish a Sincere Religious Reason for your Request it will be Reviewed Again." Plaintiff forwarded with one Inmate Letter Islamic Jurisprudence from Muslim Scholars on 2/13/11 AND Continues To experience Indifference and Disregard for A Halal Diet! Plaintiff is being Treated Differently from Similarly Situated Inmates who recieve Religious Diets According to Their faiths. Mr Patton failed To Establish any Penological or Compelling State Concern for Denial of Halal Diet. There's been no explanation for Constraints of Plaintiff's Religious Exercise. Plaintiff continues To experience Substantial Burdens exercising his faith and has Defiled himself eating unlawful foods.

4F

## COUNT III

1. State the constitutional or other federal civil right that was violated: First Amendment, Free Exercise Establishment Clause, Equal Protection, and Religious Land Use & Institutionalized Persons' Act

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

- ☐ Basic necessities
- ☐ Mail
- ☐ Access to the court
- ☐ Medical care
- ☐ Disciplinary proceedings
- ☐ Property
- ☑ Exercise of religion
- ☐ Retaliation
- ☐ Excessive force by an officer
- ☐ Threat to safety
- ☑ Other: _____

3. **Supporting Facts.**. State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Allen Miser First Defendant is sued Individually and in his official Capacity, at all times mentioned in this Complaint acted under Color of State Law. On October 31, 2010 Plaintiff met with A. Miser Requesting a Halal Diet and sharing his view. On 12/1/10 Plaintiff received a response which Denied Plaintiff's request Plaintiff wrote an Informal Grievance 12/2/10. Plaintiff Challenged Miser's Decision Dated 12/1/10 to Deny requested Halal Diet as relayed by Cott Shelley's response on 12/8/10. Plaintiff filed Formal Grievance # A37-119-010 which challenges denial of Halal Diet and ADOC's failure to employ qualified staff volunteers to objectively advise Instruct ADOC on the strictness of the Islamic Religious Diet. Deputy Warden Foye's Grievance Response 2/14/11 Denotes Miser's saying his reasoning was; "Not being able to Identify a sincere Religious reason for your request... because you were Released and came back on new Charges." This Depicts Miser used non-objective Criteria to Deny Plaintiff's Halal Diet. Plaintiff Timely Exhausted Grievance Appeals on 12/27/10, 1/17/11, 2/29/11 and 4/4/11 The Director's Office Designee Robert Patton Response fails to oblige requested Halal Diet Miser's Custom of using non objective criteria to Deny Plaintiff's Legitimate request imposes a Substantial Burden on Plaintiff to betray his religious belief and Defile himself. with unlawful foods.                                                    Continued on 5A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Plaintiff suffer constrained conduct, spiritual deprivation, Depression. Plaintiff suffer's from eating unlawful foods or fear of Starvation if Refusal to eat Non Halal Diet.

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☑ Yes   ☐ No

   b. Did you submit a request for administrative relief on Count III?          ☑ Yes   ☐ No

   c. Did you appeal your request for relief on Count III to the highest level?          ☑ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

SECOND DEFENDANT: A. Vicklund is sued Individually and in his Official Capacity. At all Times mentioned in This Complaint acted under color of STATE LAW. A. Vicklund is A. Misen's Supervisor. Department ORDER 904 Religious Activities (1.3) The Senior chaplain shall: (1.3.2) Supervise other chaplains. (1.3.6) create and manage all Religious Programs. 904.03 (1.1) Wardens Deputy Wardens and other Administrators shall ensure staff (1.1) Demonstrate Respect of Inmates Religious Beliefs. 904.04 (1.1.2). Senior Chaplains shall contact Pastorial Administrator for clarification of Special Religious Diets. (1.1.6) Senior Chaplain shall (1.1.6.3) Approve or Deny Request. November 5th (2010) one letter was sent to A. Vicklund for Discriminatory Comment by A. Misen. December 8th, 2010 grievance began. December 24, 2010 Formal Grievance, January 13th, 2011 Grievance Appeal. February 9, 2011 Grievance to Director's Office. Plaintiff Recieved No Responses.

Plaintiff sent A. Vicklund an Inmate Letter on February 17, 2011 Complaining of A. Misen's Denial of Plaintiff's Request for an Islamic Religious Halal Diet. Plaintiff stated Misen's findings of: "This office can not currently Identify a sincere Religious Reason for your Request That is consistent with your Religious preference. Plaintiff's letter asked A. Vicklund: "IF you make The Final Decision Regarding Religious Diets?" Plaintiff questioned A. Vicklund Asking: "HOW does your office and staff determine Sincerity of one's belief?" A. Vicklund Responce February 23, 2011. simply states: "The content of your letter concerns a grievance. Grievances and grievance Appeals are to be processed through your Coordinator." A. Vicklund had Investigated on his own and learned The contents of Plaintiff's grievance. Assistant Deputy WARDEN Faye's Responce on Record depicts A. Misen's use of non objective factors to Deny Plaintiff's Halal Diet. Misen states "They" could not Identify a sincere Religious Reason for my Request consistent with my Religious preference A. Vicklund as A. Misen's Supervisor took No Corrective Actions,

5A

but merely enforced custom of arbitrary denial of Plaintiff's Halal Diet. Vickland's custom of using non-objective criteria to deny Plaintiff's legitimate request imposed substantial burdens on Plaintiff's Religious exercise to betray sincerely held beliefs.

Third Defendant: M. Linderman is sued Individually and in his Official Capacity. At all times in this complaint acted under color of State Law. Department Order 904 Religious Activities 904.01 (1.1) Pastoral Administrator shall: (1.1.1) Directly Supervise Senior Chaplains. (1.1.3) Provide Verbal/written directives for Resolution of Issues of Religious Diets, (1.2.2.1) Chaplains in Consultation with Wardens, and Pastoral Administrator shall make Final Decision. Inmates may appeal decisions by filing a Grievance." 904.03 (1.1) Wardens, Deputy Wardens, and other Administrators shall ensure Staff (1.1.1) Demonstrates Respect of Inmates Religious Beliefs. (1.1.2) Pastoral Administrator clarifies appropriate special diets. February 11, 2011 Plaintiff forwarded a Letter to M. Linderman Regarding Islamic Representation, Consultation and Denial of Halal Diet. March 25, 2011 Linderman Responded stating: "There is a process by which you can have your concerns addressed. Please follow the Process." June 21, 2011 Plaintiff sent a letter to Linderman Requesting a Halal Diet and Shaving Waiver upheld on 5/25/10 by Director Ryan and M. Linderman) August 25, 2011 Recieved a Response from Linderman stating: "Plaintiff Request was not specified." Linderman's custom of using non objective criteria to deny Plaintiff's legitimate Request for a Halal Diet Imposed substantial burdens on Plaintiff's Religious Exercise. Linderman acted in Bad Faith, he willfully disregarded Implimentation of Plaintiff's Requested Halal Diet after 5/25/11 which upheld the Plaintiff's Grievance by Director Charles Ryan and himself.

Fourth Defendant: Robert Patton is sued Individually and in his Official Capacity. At all times mention in this Complaint acted under color of State Law. Mr Patton was ordered by Director Ryan to Respond to a Inmate Letter addressed to the Director dated 8/6/11. Mr Patton Responded 7/7/11 stating: "you indicated your grievance is unresolved... you have been approved for a Religious Diet... you did sign for a Kosher Diet. 7/13/11 Plaintiff sent a Response to Mr Patton

SB

STATING: "I never signed for a Kosher Diet. I forwarded copies of Religious Fatawa (Rulings) from Islamic Scholars which prohibits my eating a Kosher Diet, 8/5/11 Mr Patton Response states: "you Requested a Religious Diet without Further Specificity. If you Don't want a Kosher Diet you may Request a Vegetarian Diet." Mr Patton's custom of using non objective criteria to Deny Plaintiff's Request for a Halal Diet Imposed a Substantial Burden on Plaintiff's exercise of his Religion. Mr Patton Failed to establish a compelling State Interest for Denial of Halal Diet. Defendants provide no explaination for Constraint of Defendants exercise of Faith. Defendants offer Plaintiff's Failure to "Specify" as their explaination. Mr Patton as designee of Director Ryan Failed to Implement the decision upheld on 5/25/11

## E.  REQUEST FOR RELIEF

State the relief you are seeking: A DECLARATION THAT ACTS OF OMISSION AND COMMISSION DESCRIBED VIOLATED PLAINTIFFS RIGHTS. 2) A PERMANENT INJUNCTION ORDERING OFFICIALS TO PROVIDE A HALAL DIET AND ISLAMIC REPRESENTATION, hiring OF A IMAM AS Chaplain 3) COMPENSATORY DAMAGES OF $75,000.00 DOLLARS PER DEFENDANT JOINTLY AND SEVERALLY. 4) PUNITIVE DAMAGES IN THE AMOUNT OF $75,000.00 AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY. 5) TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY. 6) ANY AND ALL COSTS ASSOCIATED WITH THE FILING AND LITIGATION OF THIS COMPLAINT. 7) APPOINTMENT OF COUNSEL FOR REPRESENTATION DUE TO COMPLEXITY OF CONSTITUTIONAL LAWS INVOLVED.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/10/12
DATE

Keith P. Vance
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.