**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Keith P. Nance,  )  No. CV 12-0734-PHX-RCB (DKD)
)
    Plaintiff,  )
)
vs.  )  **O R D E R**
)
Allen Miser, et al.,  )
)
    Defendants.  )
)

Plaintiff Keith P. Nance, an inmate in the custody of the Arizona Department of Corrections (ADC), filed this *pro se* civil rights action. (Doc. 9.) Plaintiff has filed an "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order," which Defendants oppose.[1] (Docs. 22, 27.) The Court will deny the motion.

**I.  Background**

On screening the First Amended Complaint, the Court determined that Plaintiff sufficiently stated a claim against ADC employees Miser, Vicklund, Linderman, and Patton for denial of a Halal diet and a shaving waiver in violation of his religious exercise and equal protection rights. (Doc. 14.) Plaintiff seeks damages and injunctive relief.

**II.  Preliminary Injunction**

    **A.  Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and "one that should

---

[1] Vicklund has not been served. (Doc. 31.)

not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). A Request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. V. Orrin W. Fox. Co., 434 U.S. 1345, 1347 n. 2 (1977); Los Angeles Unified Sch. Dist. V. U.S. Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1982).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011), citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135

The Prison Litigation Reform Act (PLRA) also imposes requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power

1 to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve
2 relief that binds prison administrators to do more than the constitutional minimum." Gilmore
3 v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

4     Generally, an injunction should not issue if it "is not of the same character, and deals
5 with a matter lying wholly outside the issues in the suit" (id., citing Kaimowitz v. Orlando,
6 Fla., 122 F.3d 41, 43 (11th Cir. 1997)).

7     **B.     Plaintiff's Contentions**

8     Plaintiff asks the Court to enter an order prohibiting Defendants, their agents, or
9 employees from transferring him from his present location in South Unit in Florence,
10 Arizona. (Doc. 22 at 2.) He asserts that he has the right to petition for redress of grievances
11 without retaliation and that retaliation for addressing free exercise of religion violates the
12 Constitution. He argues that to justify transfers, a regulation must protect an important or
13 substantial interest of the prison and be necessary to achieving that interest. Plaintiff asserts,
14 on information and belief, that in the past, prisoners have been placed in administrative
15 segregation without cause, denied proper food or hygiene items, transferred to another prison,
16 and had their legal papers intercepted because they engaged in protected conduct. He claims
17 that he lives in fear of adverse action as a result of his protected conduct. (Id.)

18     Plaintiff addresses the elements of a preliminary injunction. (Id. at 4-9.) As to
19 irreparable harm, he asserts that because the ADC religious-dietary program places
20 significant pressure on inmates to abandon their religious beliefs by forcing them to eat non-
21 Halal diets, it imposes a substantial burden on his religious practice and that he will suffer
22 irreparable harm. (Id. at 8.) Plaintiff submits a lengthy affidavit setting out the facts of his
23 underlying case.

24     Defendants respond. (Doc. 27.) They assert that Plaintiff's motion seeks to enjoin
25 ADC, a non-party, from transferring Plaintiff because he believes that other inmates have
26 been discriminated against for filing lawsuits. (Id. at 2.) They contend that they are unaware
27 of any plans to transfer Plaintiff. They attach the declaration of Stacy Crabtree, Correctional
28 Administrator V overseeing institutional assignment of inmates, which confirms this. (Id.

1 at 3.) They also argue that Plaintiff has not demonstrated irreparable harm. (Id. at 4.)

2 Plaintiff replies that in Abdullah v. Ryan, CV-08-255-TUC-CKJ, the inmate/plaintiff
3 received an order enjoining the defendant ADC officials from further disciplining him, where
4 the disciplinary action had led to reclassification and a transfer from a security-Level III to
5 a security-Level IV unit. (Doc. 32 at 3.) Plaintiff alleges that his own rights continue to be
6 violated by denial of his religious diet. (Id. at 3, 6.) He also alleges that his right of access
7 to the court has been compromised when mail from the Department of Justice was opened
8 outside his presence. (Id. at 3, 6.)

9   **C. Analysis**

10   The Court will deny the motion. The motion is not of the same character as the issues
11 in the lawsuit, does not attribute any alleged misconduct to Defendants, and fails to
12 demonstrate at least one of the elements necessary for a preliminary injunction—irreparable
13 harm.

14   As noted, Plaintiff's First Amended Complaint seeks damages and injunctive relief
15 regarding denial of a Halal diet. Plaintiff now seeks an order prohibiting a transfer based on
16 his information and belief as to treatment of other, unnamed inmates who have filed lawsuits.
17 Likewise, to the extent Plaintiff complains about his mail, that is not the issue in the lawsuit,
18 and the motion seeks no relief regarding the mail. In addition, Plaintiff makes no showing
19 that the mail problems were related to the filing of his lawsuit, and he raises the matter for
20 the first time in his reply. See Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir.
21 2003) (declining to consider an issue raised for the first time in a reply brief). Moreover, a
22 prisoner has no constitutional right to enjoy a particular security classification or to be
23 housed in a particular facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty
24 interest protected by the Due Process Clause is implicated in a prison's reclassification and
25 transfer decisions).

26   To meet the irreparable harm requirement, Plaintiff must do more than simply allege
27 that he fears retaliation; he must demonstrate imminent harm from failure to provide the
28 requested relief. See Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th

1 Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible
2 threat of immediate and irreparable harm to him. Fed. R. Civ. P. 65(b). Mere "[s]peculative
3 injury does not constitute irreparable injury sufficient to warrant granting a preliminary
4 injunction." Caribbean Marine, 844 F.2d at 674. Plaintiff alleges no facts suggesting that
5 he is in danger of being transferred for retaliatory purposes. He argues that he is irreparably
6 harmed by denial of a Halal diet, but that is not the relief he seeks in his "Order to Show
7 Cause for a Preliminary Injunction and Temporary Restraining Order."

8 As to Abdullah, CV-08-255-TUC-CKJ, Plaintiff is correct that the Court entered a
9 preliminary injunction in that case, which involved a shaving regulation that the plaintiff, a
10 practicing Muslim, asserted violated his religious exercise. (Doc. 104.) But the injunction
11 was issued only after the defendants' Motion for Summary Judgment was denied as to the
12 plaintiff's request for injunctive relief and where the record showed that the plaintiff had
13 received numerous disciplinary tickets for violating the shaving policy. (Id., docs. 74, 104
14 at 1-2.) Plaintiff here has not shown that he is threatened with irreparable harm or any actual
15 harm.

16 Plaintiff's Motion will be denied.

17 **IT IS ORDERED that** the reference to the Magistrate Judge is withdrawn as to
18 Plaintiff's "Order to Show Cause for a Preliminary Injunction and Temporary Restraining
19 Order" (Doc. 22) and it is **denied**.

20 DATED this 20th day of December, 2012.

_____
Robert C. Broomfield
Senior United States District Judge