WO                                                                                              SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith P. Nance,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Allen Miser, et al.<br><br>　　　　　　Defendants. | No. CV-12-0734-PHX-RCB (DKD)<br><br>**O R D E R** |

　　　Defendants move for reconsideration of this Court's Order entered on October 7, 2013. (Doc. 71.) The Court denies the motion.

　　　Plaintiff Keith P. Nance, an inmate confined by the Arizona Department of Corrections (ADC), filed this *pro se* civil rights action alleging denial of a Halal diet with meat and denial of a shaving waiver, in violation of his religious exercise rights. (Doc. 9.) Plaintiff also asserted an Equal Protection claim. Defendants moved for summary judgment. (Doc. 54.) The Court dismissed the damage claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and denied the motion for summary judgment. (Doc. 69.)

　　　Defendants now seek reconsideration, alleging that the Court committed clear error because (1) it shifted the burden to Defendants without requiring Plaintiff to meet his initial burden to submit evidence regarding a substantial burden to his religious belief, and (2) it denied Defendants qualified immunity. (Doc. 71.) The Court will deny the Motion because the Court did not commit clear error, and Defendants' motion is nothing more than disagreement with the Court's decision.

　　　In addition Plaintiff moves for appointment of counsel; the Court will deny the

motion. (Doc. 70.)

**II.     Defendants' Motion for Reconsideration**

    **A.     Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Rather, reconsideration is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes of Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

    **B.     Discussion**

        **1.     Sincerely Held Belief and Substantial Burden**

In its Order, the Court stated that under both the RLUIPA and First Amendment analysis, Plaintiff must initially show that the religious practice at issue—consuming a Halal diet that includes Halal meat—satisfies two criteria: (1) the proffered belief must be sincerely held, and (2) the claim must be rooted in religious belief and not purely secular philosophical concerns. (Doc. 69 at 7, citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).) If the inmate makes his initial showing, he must establish that prison officials substantially burden the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. (Doc. 69 at 10, citing *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).)

It is undisputed that Defendants do not offer a Halal diet with meat; rather they

offer a Kosher diet and a vegetarian diet. Plaintiff asserted that he defiles himself eating non-halal meats, which interfere with his spirituality and prayer life, and that he believes that the practice of eating Halal meats is a part of worship to Allah as established in the Qur'an. (Doc. 59 at 5.) He asserted that the standard and Kosher diets are haram (not permitted) and the vegetarian and vegan diets require that he forgo Halal slaughtered meat, which he believes he is commanded to eat. (*Id.* at 5-6.)

Defendants claim that under the Court's Order, all an inmate needs to do is profess what his sincere religious belief requires and that the failure of prison officials to provide the item he wants pressures him to abandon his beliefs. (Doc. 71 at 3-4.) They object to the lack of a requirement for documentation supporting his entitlement or that no organized or recognized religious support or affiliation is required. (*Id.* at 4.) But as this Court stated in the Order, the right to religious practice "is not limited to beliefs which are shared by all of the members of a religious sect." *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 715-16 (1981). Plaintiff is therefore not required to show that consuming a Halal diet that includes meat is mandated as a part of the Islamic religion; rather, he is required to show that he sincerely believes that eating such a diet is consistent with his faith. *Shakur*, 514 F.3d at 884-85; *see Parks v. Brooks*, 302 Fed. Appx., 611, 612 (9th Cir. 2008) (unpublished) (reversing a grant of summary judgment on a RLUIPA claim because the Ninth Circuit concluded that the sincerity of the plaintiff's alleged religious belief in the need for a Kosher diet could not be determined without a trial).

Defendants offered little or no evidence that Plaintiff's belief was not a sincerely held religious belief, and they cite no cases requiring documentation of such beliefs. In *EEOC v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico,* the First Circuit Court of Appeals found that the sincerity of a Seventh-Day Adventist's beliefs were suspect because he lied on an employment application, was divorced, worked five days a week instead of six, and took an oath before a notary public—actions inconsistent with his professed religious beliefs. 279 F.3d 49, 56-57 (1st

1  Cir. 2002). But the court held only that the defendant had raised a triable issue of fact.
2  *Id.* at 57. The court also noted that the finding of sincerity generally depends on the
3  factfinder's assessment of the plaintiff's credibility and that "[c]redibility issues such as
4  the sincerity of [a plaintiff's] religious belief are quintessential fact questions. As such,
5  they ordinarily should be reserved 'for the factfinder at trial, not for the court at summary
6  judgment.'" *Id.* at 56 (internal citations omitted). Likewise, in *Patrick v. LeFevre*, the
7  Second Circuit reasoned that "[s]crutiny of a prisoner's sincerity is often essential in
8  'differentiating between beliefs that are held as a matter of conscience and those that are
9  animated by motives of deceptions and fraud.'" 745 F.2d 153, 157 (2d Cir. 1984). The
10 court emphasized that courts are "singularly ill-equipped to sit in judgment on the verity
11 of an adherent's religious beliefs" and held that summary judgment was inappropriate
12 because the subjective issue of sincerity of belief was a question of fact; "assessing a
13 claimant's sincerity of belief demands a full exposition of facts and the opportunity for
14 the factfinder to observe the claimant's demeanor during direct and cross-examination."
15 *Id.* at 157. *Patrick* was cited with approval by the Ninth Circuit in *Spence v. World*
16 *Vision, Inc.*, 633 F.3d 723 (9th Cir. 2011).

17         As to a requirement of support for a belief by an organized or recognized religious
18 group, this appears to the Court to be requiring evidence of objective accuracy, not
19 sincerity of belief. In *Jackson v. Mann*, the Second Circuit rejected a district court's
20 reliance on a rabbi's determination that an inmate was not Jewish for purposes of a
21 prison's Kosher diet; the Second Circuit reasoned that whether an inmate's beliefs are
22 entitled to First Amendment protection turns on whether those beliefs are sincerely held,
23 not on an ecclesiastical question whether the inmate is a Jew under Jewish law. 196 F.3d
24 316, 320-21 (2nd Cir.1999). The *Jackson* court reasoned that the prison "erroneously
25 substituted the objective 'accuracy' of [the inmate's] assertion that he is Jewish for the
26 correct test—whether [the inmate's] beliefs are 'sincerely held.'" 196 F.3d at 320; *see*
27 *also Ford v. McGinnis*, 352 F.3d 582, 593-94 (2d Cir. 2003) (the role a religious feast
28 played in a prisoner's practice of Islam determined whether there had been a substantial

- 4 -

burden to his religious practice, not the testimony of Muslim clerics as to the proper celebration of the feast); *Koger v. Bryan*, 523 F.3d 789, 799 (7th Cir. 2008).

This Court correctly found a triable issue of fact regarding a sincerely held religious belief. (Doc. 69 at 8-10.)

Regarding substantial burden, the Court stated that if Plaintiff establishes that a Halal diet with meat is a sincerely held belief, denial of the diet is a substantial burden. (Doc. 69 at 10, citing *Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2008) ("We have little difficulty in concluding that an outright ban on a particular religious exercise is a substantial burden on that religious exercise.").) The Court also noted that Defendants' evidence was inadequate to establish that the vegetarian diet offered is either Kosher or Halal. (Doc. 69 at 11.)

The Court finds this case distinguishable from *Hartmann v. Calif. Dep't. of Corrs. and Rehab.*, 707 F.3d 1114 (9th Cir. 2013), on which Defendants now rely. In *Hartmann*, the plaintiffs challenged prison officials' failure to hire a Wiccan chaplain. The Ninth Circuit Court of Appeals found no substantial burden to religious practice because the plaintiffs failed "to plead any factual allegations showing their religious exercise was so burdened as to pressure them to abandon their beliefs." *Id.* at 1125. The court reasoned that instead of claiming they had been pressured to abandon their religious beliefs, plaintiffs were "seeking additional religious accommodations beyond those already provided by the prison to facilitate the religious exercise of their Wiccan faith." *Id.* In the present case, Plaintiff alleges that he must eat Halal meat and that the practice is part of worship to Allah as established in the Qur'an. Defendants refuse to provide a diet with Halal meat; therefore, Plaintiff is pressured to abandon his religious belief regarding his need to eat Halal meat.

The Court did not improperly shift the burden, and defense counsel's hyperbole and remarks about "shrimp cocktail Tuesday" and "Eggs Benedict" Sunday are not a substitute for analysis based on case law or a substitute for evidence. (Doc. 71 at 4, 5.)

### 2. Qualified Immunity

The Court denied Defendants qualified immunity for the first 7 months after Plaintiff requested his religious diet and shaving waiver; Defendants did not dispute Plaintiff's assertions that he was initially denied the diet and waiver based on his re-incarceration, which was deemed evidence of the lack of a sincere belief. (Doc. 69 at 16.) After the Director approved the diet and shaving waiver, Plaintiff was offered either a Kosher or vegetarian diet, which he refused, and the shaving waiver. In their Motion for Summary Judgment, Defendants failed to make an argument of any kind as to qualified immunity for that period and again make no argument on reconsideration. There was no error regarding denial of qualified immunity for this period.

The Court also denied Defendants qualified immunity for the period after Plaintiff was offered either a Kosher or vegetarian diet. This is a closer question. The Court notes that although Defendants raised qualified immunity in both their Motion for Summary Judgment and Motion for Reconsideration, other than *Curry v. California Dep't of Corrs.*, 2013 WL 75769 (N.D. Cal. 2013), they cited to no cases specifically discussing qualified immunity in religious diet cases. In *Curry*, the court granted qualified immunity as to the inmate's Kemetic-diet request, made by a practitioner of Shetaut Neter, but also found no constitutional violation where the defendant prison officials provided evidence for a full analysis under *Turner v. Safley*, 482 U.S. 78, 89 (1987) and RLUIPA. *Curry*, 2013 WL 75769, at * 17.

For purposes of a qualified immunity determination, "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." *Wilson v. Layne*, 526 U.S. 603, 615 (1999); *see Dunn v. Castro*, 621 F.3d 1196, 1200 (9th Cir. 2010) (when deciding whether there has been a violation of a clearly established right for qualified immunity, a court must strike the proper balance in defining that right.) A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006) (quoting *Hope v.*

*Pelzer*, 536 U.S. 730, 739 (2002)). It is not necessary that there be a prior case with the identical facts showing that a right is clearly established; it is enough that there is preexisting law that provides a defendant "fair warning" that his conduct was unlawful. *Kennedy*, 439 F.3d at 1065.

Although there is no clearly established right to a Halal diet with meat, for purposes of the First Amendment, there is a clearly established right to a religious diet that meets the inmate's religious dietary needs unless there is a legitimate penological reason to deny it. Moreover, the Court finds that it is clearly established that sincerely held religious beliefs are entitled to protection whether or not prison officials deem them central or valid tenets of the inmate's faith. The *Shakur* Court clearly explained that the Supreme Court disapproved the centrality test, finding it inappropriate for courts to "question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." *Shakur*, 514 F.3d at 884-885.

Defendants argued that they would have believed their conduct was reasonable because there was no precedent requiring prison officials to provide a Halal diet with meat, other Muslim inmates did not require a Halal diet with meat, and Defendants' inquiries demonstrated that consuming Halal meat is not an Islamic requirement. (Doc. 54 at 6, 9-10.) But that argument did not address *Plaintiff's* sincerely held belief. Defendants appeared to argue that the only religious beliefs that are protected by the First Amendment are those held by a majority of practitioners of a particular faith or those that prison officials have determined are correct or valid and that as long as those beliefs are accommodated, their conduct was reasonable. Moreover, Defendants did not address, even cursorily, the *Turner* factors.[1]

Defendants now assert that "[t]he minute details underlying Qur'anic interpretations of religious diet and individual inmate interpretation of these requirements

---

[1] The Court dismissed the RLUIPA claim for damages although Defense counsel failed to make such a request; the Court notes that Defendants also failed to address the RLUIPA factors.

- 7 -

in this case demonstrate exactly why Defendants are entitled to qualified immunity." (Doc. 71 at 7.) They argue that they have in the past accommodated Muslims with a choice of either a Kosher or vegetarian diet "approved by the outside religious authorities Defendants rely on for counsel in these matters." (*Id.* at 8.) Defendants' argument here is essentially the same argument made before. As noted, the Court finds this is a close question, but it finds no clear error.

The Court notes that as a practical matter, Plaintiff's damage claims for the period before he was approved for the shaving waiver and religious diet remain. More importantly, the claim for injunctive relief on the religious diet remains and implicates the same evidentiary issues as those for the damage claim for the period after Plaintiff was offered either a Kosher diet or a vegetarian diet.

## III. Plaintiff's Motion for Appointment of Counsel

There is no constitutional right for an indigent litigant to have appointed counsel in a civil case. *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). Plaintiff's case is beyond the pleading stage, so his right of access to the court is not at issue and, therefore, cannot justify appointment of counsel. Further, 28 U.S.C. § 1915(e)(1) confers on a court the discretion to "request" counsel to represent an indigent civil litigant, but this circuit has limited the exercise of that power to "exceptional circumstances," based upon such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff offers nothing to show a likelihood of success or any special complexity of issues in this case. (Doc. 70.) The request is denied.

///
///
///
///
///
///

1	**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Reconsideration (Doc. 71) and Plaintiff's Motion for Appointment of Counsel (Doc. 70), and the Motions are **denied**.

	DATED this 27th day of November, 2013.

	_____
	Robert C. Broomfield
	Senior United States District Judge