WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith P. Nance, | No. CV-12-0734-PHX-RCB (DKD) |
| Plaintiff, | **O R D E R** |
| v. | |
| Allen Miser, et al. | |
| Defendants. | |

Plaintiff Keith P. Nance an inmate confined by the Arizona Department of Corrections (ADC), filed this *pro se* civil rights action regarding denial of a Halal diet and shaving waiver in violation of his religious exercise rights. (Doc. 9, First Amend. Compl. (FAC).) Defendants moved for summary judgment, which the Court denied. (Docs. 54, 69.)

Plaintiff now files a Motion for Prospective Relief and Temporary Restraining Order regarding alleged retaliation for filing this lawsuit, which Defendants oppose. (Docs. 73, 77.) The Court will deny the motion.

**I.  Motion**

    **A.  Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). A Request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox. Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Los Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1982).

A preliminary injunction is appropriate under the sliding-scale test when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134-35 (9th Cir. 2011), citing *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

The Prison Litigation Reform Act (PLRA) also imposes requirements regarding preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

In addition, a party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim); *see also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

**B.     Discussion**

In his Motion, Plaintiff asserts that he was informed that as of October 30, 2013, he was terminated from his job based on an allegation that glue was found in his living quarters during a routine shakedown in his unit. (Doc. 73 at 2-3.) He asserts that he has not been given charges or a hearing. (*Id.* at 3.) He claims that ADC officials took adverse action against him to deter him from continuing the present litigation. (*Id.*) He also claims that because he will lose income due to the loss of his job, he will be harmed because he requires funds to pursue this litigation. (*Id.* at 7.) Plaintiff asks the Court to enjoin Defendants from participating in unwarranted harassment and other illegal actions. (*Id.* at 1.)

The Court will deny Plaintiff's request for preliminary relief. Obviously, it is completely unrelated to the relief sought in the FAC, which concerns religious exercise rights to a religious diet. Moreover, Plaintiff has not tied any alleged retaliation to the Defendants in the present case. And he fails to demonstrate irreparable harm.

Plaintiff can file a separate lawsuit raising a retaliation claim. A retaliation claim has five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005). The Court notes that Plaintiff's allegations do not tie the action taken to a retaliatory

1  motive except based on the timing of this Court's denial of summary judgment in the
2  present case.
3      **IT IS ORDERED that** the reference to the Magistrate Judge is withdrawn as to
4  Plaintiff's Motion for Prospective Relief and Temporary Restraining Order (Doc. 73) and
5  the Motion is **denied**.
6      DATED this 12th day of December, 2013.

_____
Robert C. Broomfield
Senior United States District Judge