WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith P. Nance,<br><br>    Plaintiff,<br><br> v.<br><br>Allen Miser, et al.,<br><br>    Defendants. | No. CV-12-00734-PHX-RCB<br><br>**O R D E R** |

  The deadlines set forth in the Scheduling and Discovery Order (Doc. 36) as amended by Order (Doc. 53) have passed. Further, although this court dismissed the plaintiff's damage claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA") there are four claims remaining: (1) the claims for injunctive relief under RLUIPA; (2) the claim for damages under the First Amendment; (3) the equal protection claims for injunctive relief and damages for the Halal diet with meat; and (4) the First Amendment damage claims for denial of the shaving waiver for 7 months. See Ord. (Doc. 69) at 19:3-10, ¶ (5)(a)-(d). Moreover, just recently, this court denied the defendants' motion for reconsideration of the foregoing. See Ord. (Doc. 75) at 1:14. Thus, because this action now is ready for trial, the court hereby ORDERS that plaintiff *pro se* and the attorney or attorneys who will be responsible for the trial of this lawsuit prepare a proposed Joint Final Pretrial Order and lodge it with the Clerk of the Court by no later than January 13, 2014.

  Although it is the responsibility of plaintiff *pro se* to ensure that the proposed Joint Final Pretrial Order is properly prepared and timely lodged, the defendants shall fully cooperate with the plaintiff *pro se* to ensure that such Order is properly prepared

and timely lodged. That proposed Joint Final Pretrial Order shall be signed by plaintiff *pro se* and defense counsel. Plaintiff *pro se* may authorize defense counsel to sign on his behalf.

The content of the proposed Joint Final Pretrial Order shall include, but is not limited to, that prescribed in the form of the proposed Joint Final Pretrial Order attached hereto.

Pursuant to Fed.R.Civ.P. 16(d) and 37(c), the court will not allow the parties to modify the Joint Final Pretrial Order or introduce at trial any exhibits, witnesses, or other information or to make any objections to exhibits that were not previously specified and/or disclosed as directed by the Court in the Joint Final Pretrial Order, except to prevent manifest injustice. Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005).

After the lodging of the signed proposed Joint Final Pretrial Order, at a date to be set by the court, the parties shall participate telephonically in a Pretrial Conference to discuss that Proposed Order. Plaintiff may appear by telephone. Counsel for the defendants shall provide the Court with a telephone number where plaintiff may be contacted and make the necessary arrangements for his appearance by telephone at the hearing. Following that Pretrial Conference, the court will issue the Final Pretrial Order and set a trial date for this action.

**IT IS ORDERED** that:

(1) the parties shall lodge a Proposed Joint Final Pretrial Order in accordance herewith by no later than January 13, 2014; and

(2) any future filings in this case shall be directed to the undersigned.

DATED this 13th day of December, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se* Nance

# FINAL PRETRIAL ORDER

This Final Pretrial Order supersedes the pleadings and shall govern the trial and further proceedings in this case.

A. STATEMENT OF JURISDICTION. Cite the statute(s) which gives this Court jurisdiction: (example - Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

B. NATURE OF ACTION. Provide a concise statement of the type of case, the cause of the action, and the relief sought:  (example - This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of the forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and the defects were a producing cause of his injuries and damages.)

C. CONTENTIONS OF THE PARTIES. With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense: (example - In order to prevail on this products liability case, the plaintiff, must prove the following elements...); (example - In order to defeat this products liability claim based on the statute of limitations or repose, the defendant must prove the following elements. . .).

D. STIPULATION AND UNCONTESTED FACTS

E. CONTESTED ISSUES OF FACT AND LAW (See and refer to subpart C above)

F. LIST OF WITNESSES. Include or separately attach a list(s) of witnesses, identifying each as either plaintiff's or defendants' witness and indicating whether the witness is a fact or expert witness.

G. LIST OF EXHIBITS. Include or separately attach a list(s) of numbered

exhibits, identifying each as either plaintiff's or defendants', with a description of each containing sufficient information to identify the exhibit, indicating whether there is an objection to its admission and, if so, the nature of the objection(s) anticipated. The actual exhibits must be later marked according to instructions which will be provided at the final pre-trial conference.

H. LIST OF DEPOSITIONS. Include or separately attach those portions of depositions that will be read at trial by each party listed by page and line number, whether there is an objection to each passage and, if so, the nature of the objection.

I. MOTIONS IN LIMINE. Motions in Limine are intended to encompass only significant evidentiary issues and are generally discouraged. Such motions, if allowed, shall be filed by _____, 2014. Any responses shall be filed by _____, 2014. No replies may be filed without permission of the court. Motions in Limine are deemed submitted without argument.

J. LIST OF ANY PENDING UNRULED UPON MOTIONS.

K. PROBABLE LENGTH OF TRIAL _____.

### *For a Jury Trial*

L. INSTRUCTIONS. The parties shall seek to stipulate to jury instructions and any stipulated jury instructions shall be filed by _____ , 2014. Instructions which are not agreed upon shall include citation to authority which shall not exceed one page per instruction and shall be filed by _____, 2014. Objections to any non-agreed upon instruction shall include citation to authority which shall not exceed one page per instruction and may be filed by _____, 2014 .

M. VOIR DIRE QUESTIONS. Any proposed voir dire questions shall be filed by _____, 2014 .

N. CERTIFICATIONS. The plaintiff *pro se* and the undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to plaintiff *pro se* and

opposing counsel.

3. Each exhibit listed herein (a) is in existence; and (b) has been disclosed and shown to plaintiff *pro* se and opposing counsel .

APPROVED AS TO FORM AND CONTENT:

_____                    _____

   Plaintiff   *Pro Se*                                        Attorney for Defendants

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED AND TRIAL IS SET FOR _____, 2014, at _____ A.M., COURTROOM 606, Sixth Floor, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona; plaintiff *pro se* and  counsel SHALL APPEAR at _____ A.M.