1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Keith P Nance,                           No. CV-12-00734-PHX-RCB

10                    Plaintiff,                    **O R D E R**

11          v.

12   Allen Miser, et al.,

13                    Defendants.

14

15          On  January 14, 2014, this court ordered the parties to "file/lodge" their Proposed

16   Joint Pre-Trial Order ("PJPTO") by January 21, 2014.  See Ord. (Doc. 86) at 1:22-23.

17   The parties did not do so.  Instead, on that date, plaintiff *pro se* Keith Nance filed a

18   "Motion for Violation of Rule Eleven, F.R.C.P.[.]"  Mot. (Doc. 88).[1]  One day later, on

19   January 22, 2014, the defendants filed the pending motion seeking an enlargement of

20   time in which to file/lodge the PJPTO (Doc. 90) .  Partially due to the court's intimate

21   familiarity with the parties' attempts to file/lodge their PJPTO, there is no need to await a

22   response by the plaintiff.  This is all the more so because, as set forth below, the equitable

23   factors which this court must consider show that excusable neglect exists here,

24   warranting the granting of the defendants' motion.

25

26

27   _____

28        [1]      In accordance with LRCiv 7.2, the defendants still have ample time in
     which to respond to that motion.  Accordingly, the court will await the completion of
     briefing before resolving plaintiff's pending motion

### *Background*

Defense counsel asserts that despite his "best efforts[,]" he "missed [this court's] deadline" for filing the PJPTO because he was "emerged in . . .  trial preparation" for another Arizona District Court action which commenced January 22, 2014, and his secretary was on sick leave on January 21, 2014, the date the PJPTO was to be filed. Mot. (Doc. 90) at 1:23.  Defense counsel also notes that there have "been a number of conflicting deadlines in other" unspecified "matters."  Id. at 3:5-6.

### *Discussion*

When, as here, an enlargement of time is sought after the expiration of a specified deadline, the movant must show it "failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).  With no analysis, the defendants merely assert that "[e]xcusable neglect exists for this extension to allow [them] sufficient time to continue to communicate with Plaintiff in the preparation of the" PJPTO.  Id. at 3:3-5.

The court cannot accept that bald assertion at face value however.  That is because in this Circuit, "[t]o determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts *must* apply a four-factor equitable test[ ]" based upon Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted) (emphasis added). While Pioneer involved the Federal Rule of Bankruptcy Procedure 9006(b)(1), the Ninth Circuit Court of Appeals has held that that four factor test applies to determinations of what constitutes "excusable neglect" under other rules containing that term, including Rule 6(b) of the Federal Rules of Civil Procedure. See, e.g., In re Veritas Software Corp. Secs. Litig., 496 F.3d 962, 973 (9th Cir. 2007) (applying Pioneer test to Rule 6(b) "excusable neglect" analysis). "Th[e] four factor [Pioneer] equitable test requires, at a minimum, examination of: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Trueman v. Johnson, 2011 WL 6721327, at *6 (D.Ariz. Dec.21, 2011) (citing

1   <u>Ahanchian</u>, 624 F.3d at 1261 (citations omitted)). "[W]hat sorts of neglect will be

2   considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant

3   circumstances surrounding the party's omission." <u>Pioneer</u>, 507 U.S. at 395.

4        Mindful that "a district court abuses its discretion if it does not consider each of

5   the four <u>Pioneer</u> factors separately[,]" <u>PLU Investments, LLC v. Intraspect Group, Inc</u>.,

6   2011 WL 1376192, at *2 (W.D.Wash. April 12, 2011) (citing, *inter alia*, <u>Ahanchian</u>, 624

7   F.3d at 1261), this court will proceed accordingly.

8        First of all, there is no danger of prejudice to the plaintiff as the opposing party.

9   Indeed, given that, as the court understands it, defense counsel staff has been providing

10  some administrative assistance to the plaintiff, he, too, may benefit from the granting of

11  an extension.  Next, the length of the delay -- a week -- is minimal and the resultant

12  impact insignificant.  Turning to the reason for the delay, while not unsympathetic to the

13  demands of a heavy litigation load, this factor is the least persuasive in terms of showing

14  excusable neglect.  Being so immersed in trial preparation, especially when that trial is a

15  two-day bench trial with multiple defendants, does not strike the court as a sufficient

16  basis for missing a court ordered deadline.  Surely there are others in the Arizona State

17  Attorney General's Office upon whom defense counsel could have called for assistance.

18  In addition, the court observes that the fact that defense counsel's secretary took sick

19  leave on the last day for filing/lodging the PJPTO may not have been problematic had

20  defense counsel not waited until the eleventh hour, as it appears.  That said, critically, the

21  record is devoid of any showing of bad faith by defense counsel.   Thus, balancing the

22  equities in light of the four <u>Pioneer </u>factors, the court, in the exercise of its discretion,

23  finds that the defendants have made the requisite showing of excusable neglect under

24  Fed.R.Civ.P. 6(b)(1)(B). This especially so given that "[t]his rule, like all the Federal

25  Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose

26  of seeing that cases are tried on the merits.'" <u>Ahanchian</u>, 624 F.3d at 1258–59 (quoting

27  <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983) (other citations omitted). Accordingly,

28  the court grants the "Defendants' Motion for Enlargement of Time to Lodge Joint

1  Proposed Pretrial Order" (Doc. 90).  The parties shall file such order by no later than

2  **January 29, 2014**.

3        Dated this 23rd day of January, 2014.

                                              Robert C. Broomfield

                                              Senior United States District Judge