**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith P Nance, | No. CV-12-00734-PHX-RCB |
| Plaintiff, | **O R D E R** |
| v. | |
| Allen Miser, et al., | |
| Defendants. | |

Currently pending before the court is a "Motion for Violation of [Fed.R.Civ.P.] Eleven[,]" filed by plaintiff *pro se* Keith P. Nance (Doc. 88). Because there is no factual or legal basis for plaintiff's motion, the court will deny it. Further, as detailed herein, the parties shall participate in a telephonic Pretrial Conference to discuss, among other things, the "Defendants' Portion of the Joint Proposed Pretrial Order" lodged on January 28, 2014 (Doc. 93).

### *Background*

On December 13, 2013, this court ordered the plaintiff and defense counsel to prepare a proposed Joint Final Pretrial Order ("PJPTO") "and lodge it with the . . . Court by no later than January 13, 2014." Ord. (Doc. 79) at 1:24-25. The court placed the "responsibility" on plaintiff Nance "to ensure that the [PJPTO] is properly prepared and timely lodged[,]" while simultaneously requiring the defendants to "fully cooperate with the plaintiff" in that regard. Id. at 1:26-28.

Slightly less than a week later, on December 19, 2013, defense counsel, Michael

1  J. Hrnicek, informed the plaintiff that after it received his input, Hrnicek's office would
2  prepare the PJPTO.  Nance Decl'n (Doc. 89), exh. 2 thereto at 8.   On January 3, 2014,
3  the plaintiff mailed a copy of his PJPTO to the defense counsel (Doc. 82).  On January 9,
4  2014, the plaintiff filed a motion seeking a one week extension of time in which to lodge
5  the PJPTO.  Joining in that motion, attorney Hrnicek advised the court that "[t]he parties
6  ha[]d exchanged various drafts of the [PJPTO]."  Resp. (Doc. 85) at 1:20.  As relevant
7  here, attorney Hrnicek further advised the court that after receiving plaintiff's "hand-
8  written 15-page portion[,]" he and his secretary "compiled and forwarded a typed 22-
9  page draft of the [PJPTO]" to the plaintiff two weeks earlier.  Id. at 1:24-2:1.  Granting
10 the plaintiff's motion for an extension, the court ordered the parties to lodge their PJPTO
11 by January 21, 2014, at the latest.

12         The parties did not do that.  Instead, on that date the plaintiff filed this motion
13 claiming violations of Fed.R.Civ.P. by attorney Hrnicek.  The plaintiff baldly asserts that
14 attorney Hrnicek "fail[ed] to confer with [him] as ordered by the court[.]"  Mot. (Doc. 88)
15 at 2.  In addition, the plaintiff claims that attorney Hrnicek violated Rule 11 because
16 supposedly there was no "evidentiary support" for two factual assertions in the
17 defendants' response to his motion for an extension of time ("the Response").  See id.
18 First, the plaintiff disagrees that the parties "exchange[d] various drafts of their
19 [PJPTO]."  See Resp. (Doc. 85) at 20; see also Nance Decl'n (Doc. 89) at 3, ¶¶ 9-10.
20 Second, the plaintiff denies ever having received the 22-page draft PJPTO.  Nance Decl'n
21 (Doc. 89) at 3, ¶ 10.  Plaintiff indirectly challenges attorney Hrnicek to provide a
22 "certificate of service" to "validate[:]" (1) the exchange of  the draft PJPTOs; and (2) the
23 forwarding of the 22 page draft PJPTO to the plaintiff.  Mot. (Doc. 88) at 2; see also
24 Nance Decl'n (Doc. 89) at 4, ¶ 12.  Plaintiff Nance is not, however, seeking any of the
25 suggested sanctions in Rule 11(c).

26         Opposing this motion, the defendants state that certificates of service are not
27 required when exchanging draft PJPTOs.  They also state that Rule 11 "does not apply to
28 draft exchanges of the [PJPTO][.]"  Resp. (Doc. 97) at 1:24-25, ¶ 2.   The former

statement is accurate, but the latter misapprehends the plaintiff's motion. As the court construes this motion, the alleged Rule 11 violation is not based upon the exchange of the draft PJPTOs *per se*. Rather, in addition to alleging failure to confer, the plaintiff is alleging that the defendants' Response contained two factual misrepresentations. Construing plaintiff's motion in that way, the court will turn to an examination of Rule 11.

### *Discussion*

"Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation or brought for an improper purpose." Petrella v. Metro-Goldwyn-Mayer, Inc., 695 F.3d 946, 957 (9th Cir. 2012) (citation omitted), cert. granted, --- U.S. ---, 134 S.Ct. 50, 186 L.Ed.2d 962 (2013). Pursuant to subsection (b)(3) of that Rule, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(b)(2). As the party moving for sanctions, "[t]he burden of proof and persuasion rests on" plaintiff Nance. See TEGG Corp. v. Beckstrom Electric Co., 2008 WL 5216169, at *3 (W.D.Pa. Dec. 10, 2008) (citing, *inter alia*, G. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE, § 17(A)(5) (2008)); see also Phinney v. Paulshock, 181 F.R.D. 185, 197 (D.N.H. 1998).

Additionally, as the party seeking Rule 11 sanctions, plaintiff Nance must comply with Rule 11(c)(1)(A)'s "strict procedural requirements[.]" Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001). That Rule "gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party file a Rule 11 motion to serve

3

1  the motion 21 days before filing the motion." Retail Flooring Dealers of Am., Inc. v.
2  Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003).  Accordingly, Rule 11(c)(2)
3  requires a motion for sanctions to "be served under Rule 5, but it must not be filed or be
4  presented to the court if the challenged paper, . . . , contention or denial is withdrawn or
5  appropriately corrected within 21 days after service[.]" Fed.R.Civ.P. 11(c)(2).  The Ninth
6  Circuit has explained "that '[t]he purpose of the safe harbor . . . is to give the offending
7  party the opportunity, within 21 days after service of the motion for sanctions, to
8  withdraw the offending pleading *and thereby escape sanctions*.'" Retail Flooring, 339
9  F.3d at 1150 (quoting Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in
10 original)).  Furthermore, the Ninth Circuit has consistently held "that the procedural
11 requirements of Rule 11(c)(1)(A)'s 'safe harbor' are mandatory." Radcliffe, 254 F.3d at
12 789 (quoting Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998)).  As such, the
13 Radcliffe Court reversed and found that the district court abused its discretion when it
14 awarded Rule 11 sanctions where the defendant did not comply with that Rule's safe
15 harbor provision. See id. at 789.

16      In the present case, the plaintiff did not serve his Rule 11 motion 21 days prior to
17 its filing, as Rule 11(c)(2) mandates.  Plaintiff directs his Rule 11 motion to defendants'
18 Response, filed an served on January 13, 2014.  But, the plaintiff did not, as Rule
19 11(c)(2) requires, give the defendants the opportunity to withdraw that supposedly
20 "offensive" Response. See Retail Flooring, 339 F.3d at 1150 (internal quotation marks
21 and citation omitted).  Instead, the plaintiff served his motion by mail on January 16,
22 2014, and filed it on January 21, 2014. See Mot. (Doc. 88) at 2.  Plaintiff Nance's failure
23 "to comply with Rule 11's procedural requirements" renders his " request for sanctions
24 'procedurally defective.'" Chavez v. Northland Group, 2011 WL 317482, at *9 (D.Ariz.
25 Feb. 1, 2011) (quoting Potter v. Crosswhite, 2010 WL 5573635 at *8 (D.Or. Dec. 2,
26 2010) (denying motion for Rule 11 sanctions that was not filed until after plaintiff's
27 claims had been dismissed because filing the motion at such time deprived defendant of
28 an opportunity to correct the alleged Rule 11 violation.)).  Thus, because plaintiff Nance

1  "deprived [the defendants] of the opportunity to correct the alleged Rule 11(b) violation
2  and violated the procedural requirements of Rule 11(c)(2)[,]" the court denies his motion
3  for Rule 11 sanctions.  See Chavez, 2011 WL 317482, at *9; see also Huminski v.
4  Heretia, 2011 WL 2910536, at *3 (D.Ariz. July 18, 2011) (citation omitted) (denying
5  motion for Rule 11 sanctions where the plaintiff did not give the defendant "the
6  opportunity to correct the issue as required by Rule 11(c)(2)'s 'safe harbor provision[]'").

7        Even if plaintiff Nance had followed Rule 11(c)'s procedural safeguards, he has
8  not met his burden on the merits.  His unsupported and conclusory allegation that
9  attorney Hrnicek did not confer with him is not a sufficient basis for awarding Rule 11
10 sanctions.  See Azizkhan v. First Franklin Loan Servicing, 2010 WL 2231999, at *2
11 (E.D.Cal. June 3, 2010).  Similarly, by demanding that the defendants provide a
12 certificate of service to support assertions in their Response, the plaintiff is impermissibly
13 shifting the burden of proof to the defendants, the non-moving party.  "No party should
14 have the  burden of proving the validity of its factual assertions until the party seeking
15 sanctions first makes a specific showing that the facts asserted are, in fact, not well-
16 grounded in fact."  See Pruitt v. Russell, 1992 WL 535789, at *1 (W.D.N.C. Oct. 14,
17 1992).  Plaintiff Nance has made no such showing.

18       For these reasons, the court hereby **ORDERS** that:

19     (1)  plaintiff *pro se* Keith P. Nance's "Motion for Violation of Rule Eleven,
20 F.R.C.P." (Doc. 88) is **DENIED;** and

21     (2)  on March 3l, 2014, at 10:00 a.m., the parties **SHALL** participate
22 telephonically in a Pretrial Conference to discuss the lodged "Defendants' Portion of the
23 Joint Proposed Pretrial Order" (Doc. 93).  The plaintiff shall appear by telephone.
24 Counsel for the defendants shall provide the Court with a telephone number where
25 plaintiff may be contacted and make the necessary arrangements for his appearance by
26 . . .
27
28

1 | telephone at the hearing. Following that Pretrial Conference, the court will issue the
2 | Final Pretrial Order and set a trial date for this action.
3 |     Dated this 7th day of March, 2014.

_____
Robert C. Broomfield
Senior United States District Judge