**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith P. Nance, | No. CV-12-00734-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Allen Miser, et al., | |
| Defendants. | |

    This Order follows a status hearing, held on January 5, 2016, the Court scheduled in order to set a trial date and finalize other preliminary matters. Defense Counsel for the state, Neil Singh, was present. Plaintiff Keith P. Nance, who is incarcerated at an Arizona State Prison Complex in Florence, was directed to appear by phone.

    At the start of the hearing the Court called the Florence Prison in an attempt to get Mr. Nance on a conference call, but was unable to do so. Over the phone, Prison Guard Diane Schmidt informed the Court that Mr. Nance was being uncooperative and refused to sit down in the designated seat the prison allows inmates to use to make over-the-phone court appearances, which is routine and customary for these hearings. Ms. Schmidt indicated that Mr. Nance desired to conduct the hearing from the comfort of a private room. Ms. Schmidt advised the Court that inmates are required to sit in this particular seat for security purposes, as it contains a window and is in full view of the guards. She further stated that the room was sound proof and that Mr. Nance would be the only one in there. Finding the customary ADOC directive to be reasonable, the Court asked Ms.

Schmidt to inform Mr. Nance that he was ordered to sit in the designated seat as directed by the prison authorities and participate in the scheduled hearing or there would be consequences. Ms. Schmidt relayed the message to Mr. Nance, who was present and could hear the Court's discussion over the speaker phone. Mr. Nance then responded to the Court directly, indicating that he wanted a more private area to conduct the hearing. The Court denied his request and personally ordered Mr. Nance to sit in the designated seat so as to proceed with the hearing. Mr. Nance again refused to follow the Court's order and hung up the phone, thus abandoning the hearing.

This is the second instance of Mr. Nance's obstreperous conduct in as many weeks. On December 22, 2015, Mr. Singh traveled from Phoenix to the Florence Prison, located roughly 60 miles away, to discuss potential settlement prospects as well as to finalize trial exhibits. (Doc. 177.) Mr. Nance again refused to sit down and talk to Mr. Singh. He then straightway walked out of the room because there was a guard in the vicinity and the meeting was not "confidential" as he demanded. (Id.) Mr. Singh returned to Phoenix empty handed and he was unable to fulfill even a speck of his mission.

The Court finds Mr. Nance's actions completely unreasonable and therefore will dismiss this case with prejudice. Although dismissal is the most serious sanction allowed under Fed. R. Civ. P. 16(f) and 37(b), the Court finds that there are no reasonable alternatives in the present situation. See Ferdik v. Bonzelet, 963 F. 2d 1258, 1260 (9th Cir. 1992). Other lesser approved sanctions under the Rules are wholly inadequate measures in light of Mr. Nance's repeated misconduct and blatant disregard for the rules and decorum of the Court and the dignity and efforts of opposing counsel. Lesser sanctions, such as staying further proceedings until Mr. Nance is ready to comply with the Court's orders or striking particular pleadings, see Fed. R. Civ. P. 37(b)(2)(A), would do no more than serve as proverbial slaps on the hand and would only have the effects of further delaying and complicating this case. Additionally, the Court finds that Mr. Nance, who has been incarcerated for the better part of the past two decades, does not have the means to pay opposing counsel's fees or costs. See id. at 37(b)(2)(C). Therefore,

dismissal is the only proper remedy.

The Court's decision to dismiss this case is well supported. Mr. Nance continually failed to litigate this case in a cooperative, respectful, and reasonable manner. He refused time and again to comply with Court orders and discovery requirements. With constant indifference of the rules and this Court's orders, he demanded that matters be conducted as he saw fit. His contemptuous conduct was the cause of wasted judicial and state resources. The Court, its clerks and employees, defense and pro se attorneys, expended countless hours processing this case, only to be met with Mr. Nance's law-unto-himself attitude. For the foregoing reasons, the Court is well within its bounds to dismiss this case. Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including [dismissal], if a party . . . does not participate in good faith . . . or fails to obey a scheduling order or pretrial order."); see Dreith v. Nu Image, Inc., 648 F. 3d 779 (9th Cir. 2011) (finding that the district court possessed the power to impose the sanction of dismissal and did not abuse its discretion by doing so); see also Ferdik, 963 F. 2d at 1260 (dismissal in response "to the endless vexatious noncompliance of litigants" was not an abuse of discretion).

Mr. Nance is a high risk prisoner, currently serving a lengthy sentence. The Court has extended great liberality to Mr. Nance to pursue his claims, however, even he must comply with the reasonable strictures the prison and judicial systems impose upon him, which are designed for both his and everyone else's safety. What he is not entitled to is exalted treatment, neither as a prisoner nor as a litigant. Rather, he is held to the same reasonable rules as all other litigants. Mr. Nance is encouraged to remember this as he appears before the Court in other pending matters.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED DISMISSING** this case and all pending matters

///

///

///

- 3 -

1   with prejudice. The Clerk of Court is directed to terminate the case.
2       Dated this 12th day of January, 2016.

                                              Honorable Stephen M. McNamee
                                              Senior United States District Judge